(No. 23068.

E. Ray Grant, as Trustee, etc., Appellant, *vs.* The West End Pine Building Corporation *et al.*—(William H. Leffler, Appellee.)

*Opinion filed October 24, 1935.*

Wilson, J., took no part.

Arthur Abraham, for appellant.

William Sherman Stahl, for appellee.

WHITTY & McGAH, and ABRAMS, SHERMAN & LEWIS, (WILLIAM J. McGAH, and LOUIS A. SHERMAN, of counsel,) for intervenors constituting a bondholders' protective committee.

Mr. JUSTICE ORR delivered the opinion of the court:

The superior court of Cook county entered a decree to foreclose a trust deed in favor of complainant, E. Ray Grant, as trustee, and against the West End Pine Building Corporation and others. Subsequently Dr. William H. Leffler filed an intervening petition by leave of court, alleging that he was a holder of $5000 bonds secured by the trust deed; that due to the depreciated real estate market no adequate cash bids would be procured at the foreclosure sale, and praying that the trustee be required by order of court to bid for the mortgaged premises on behalf of all the holders of the bonds without putting up bonds or cash in payment of his bid. To this petition Grant filed his answer, in which he stated his desire to carry out any obligations imposed upon him as trustee but asserted his doubt as to his legal authority to bid on behalf of all the bondholders without paying his bid either in cash or bonds. He further asserted his doubt whether the court could properly authorize him to make such a bid, since the petition required a construction of the trust deed and the holders of the bonds secured by the trust deed were not made parties to the proceeding. No evidence was taken upon the hearing of the petition, the only issues presented being issues of law. A supplemental decree was entered by the superior court and later affirmed by the Appellate Court for the First District, directing the trustee to bid at the foreclosure sale for the benefit of the holders of the outstanding bonds, totaling $329,000, plus interest, less certain estimated rentals. The case comes here on appeal for review by certificate of importance allowed by the Appellate Court.

The points raised by appellant here and relied upon for reversal are substantially the same as those considered by this court in *Chicago Title and Trust Co.* v. *Robin,* (*ante,* p. 261,) and *Chicago Title and Trust Co.* v. *Bamburg,* (*ante,* p. 291,) at our last June term. We there held that unless express provision is found in a trust deed conferring upon the trustee a right to bid for trust property at a foreclosure sale or conferring such power upon the court to so direct, a court of equity lacks inherent authority to order the trustee to bid at a foreclosure sale. In view of these decisions the supplemental decree of the superior court dated January 4, 1934, and the judgment of the Appellate Court affirming that decree, are each reversed.

> *Judgment of Appellate Court reversed.*
> *Supplemental decree of superior court reversed.*

Mr. JUSTICE WILSON took no part in this decision.